VICTOR MARRERO, United States District Judge.
On April 19, 2019, U.S. Bank, National Association ("U.S. Bank") brought this mortgage foreclosure action against East Fordham DE LLC ("Fordham") and others in connection with a large parcel of commercial real estate in the Bronx, New York (the "Property"). (See "Complaint," Dkt. No. 1.) Since 2014, the parties have been engaged in litigation (the "State Court Action") over the Property in New York Supreme Court, Bronx County (the "State Court"), where they recently briefed Fordham's motion for summary judgment. For the reasons that follow, the Court STAYS this action pending the State Court's ruling on Fordham's motion for summary judgment.
U.S. Bank is the current holder of a $47 million loan ("the Loan") owed by Fordham that dates back to 2007. (See Complaint ¶¶ 2, 15, 80.) In 2011, U.S. Bank and Fordham entered into a Loan Modification Agreement (the "LMA"). (See id. ¶ 90.) Under the LMA, Fordham obtained the right to pay off the Loan at a discount under certain conditions. (See id. ¶ 101.) In 2014, Fordham attempted to exercise this right by tendering $30.5 million ("the Tender") as full payment of the Loan. (See id. ¶ 136.) U.S. Bank refused to accept the Tender, on the grounds that the $30.5 million figure was generated by "as-is" appraisals of the Property, rather than by the "as-stabilized" appraisal method mandated by the LMA. (See id. ¶¶ 142-45.)
Believing that U.S. Bank's refusal to accept the Tender breached the LMA, Fordham commenced the State Court Action in 2014 to obtain damages and force U.S. Bank to accept the Tender. (See id. ¶ 150.) On June 19, 2014, the State Court granted Fordham an injunction (the "2014 Injunction") that restrained U.S. Bank from (1) seeking to enforce the terms and conditions of the LMA; (2) declaring Fordham in default; or (3) re-opening the appraisal process. (See id. ¶ 151.) After the New York Supreme Court, Appellate Division, First Department (the "Appellate Division") vacated the 2014 Injunction on procedural grounds, Fordham again obtained an injunction restraining U.S. Bank from declaring Fordham in default or exercising default remedies (the "2017 Injunction"). (See id. ¶¶ 154-57.)
Between December 2018 and February 2019, the State Court held a multi-day evidentiary hearing on the specific issue of whether the appraisals connected to the Tender were, in fact, "as-stabilized" appraisals. (See id. ¶¶ 162-63.) The State *258 Court found in Fordham's favor and issued an opinion in February 2019 ruling that the appraisals indeed were "as-stabilized" appraisals, even though the appraisers labeled them "as-is" appraisals. (See id. ¶ 166.)
On March 19, 2019, the Appellate Division affirmed the 2017 Injunction. (See id. ¶ 160.) However, the court modified the injunction to preclude U.S. Bank only from exercising "self-help" remedies, holding that Fordham had not made the requisite showing to restrain U.S. Bank from enforcing the terms and conditions of the LMA. (See id. )
On March 27, 2019, Fordham moved for summary judgment in the State Court Action. On April 3, 2019, it moved to reinstate the 2017 Injunction as originally issued. A review of the State Court docket shows that these motions are briefed but still unresolved.
By letter dated April 23, 2019, U.S. Bank requested a pre-motion conference with regard to its contemplated motion pursuant to Federal Rule of Civil Procedure 66 for an order appointing a receiver to take immediate possession and control of Fordham's assets, including the Property. (See "April 23 Letter," Dkt. No. 16.) By letter dated April 26, 2019, Fordham responded to the April 23 Letter and indicated its intention to move for this Court to exercise Colorado River abstention over the suit on the grounds that (1) the parties have litigated the facts at issue in this case in the State Court Action since 2014 and (2) U.S. Bank can seek a receiver in the State Court Action. (See Dkt. No. 23 at 2 (citing Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ).)
On May 16, 2019, the Court held a telephone conference with the parties to review the status of the matter and preliminarily consider Fordham's abstention argument. (See Dkt. Minute Entry for 5/16/2019.) By letter dated May 24, 2019, U.S. Bank opposed any request for Colorado River abstention, mainly on the grounds that (1) this action is not eligible for such abstention because it is not parallel to the State Court Action and (2) the State Court has shown bias against U.S. Bank, a Minnesota citizen. (See Dkt. No. 27 at 2-3.) At the Court's direction, by letter dated June 4, 2019, Fordham further argued in favor of Colorado River abstention, principally on the grounds that (1) the two actions are indeed parallel; (2) allowing this action to continue alongside the State Court Action creates a risk of conflicting orders; and (3) the State Court has not shown bias against U.S. Bank. (See Dkt. No. 30 at 2-3.)
The Court finds that the two actions are parallel for the purposes of an abstention inquiry, particularly given that they both center on U.S. Bank and Fordham's dispute over whether U.S. Bank breached the LMA and whether Fordham defaulted. Although Colorado River abstention is reserved for exceptional circumstances, several important factors weigh in favor of staying proceedings in this action, including: (1) the State Court Action is five years old and has advanced to summary judgment after six days of live evidentiary hearings; (2) no federal claims are raised in this action or the State Court Action; (3) U.S. Bank seeks the appointment of a receiver, which the State Court previously denied; (4) U.S. Bank has not adduced persuasive evidence that the State Court has shown bias against it as an out-of-state litigant; and (5) a potentially dispositive motion is now fully briefed before the State Court. See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100-01 (2d Cir. 2012). Upon the State Court's resolution of Fordham's summary judgment motion, the *259 Court will assess whether formal abstention is warranted.
ORDER
For the foregoing reasons, it is hereby
ORDERED that this action is STAYED pending a ruling by the New York Supreme Court, Bronx County, on the summary judgment motion filed in the litigation there between U.S. Bank National Association and East Fordham DE LLC. The parties are directed to inform the Court immediately upon such a ruling.
SO ORDERED.